## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

      Plaintiff,

v.                            No. 2:26-cv-00833-SMD-DLM

JEROME JOHNSON and
THE FORENSIC FIRM,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL, ORDER OF REMAND, ORDER DENYING MOTION TO DISMISS AS MOOT, ORDER DENYING MOTION FOR CHANGE OF JUDGE AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amedment Show Cause Under 28. U.S.C NMSA and Other Violation Rights Under 42.U.S.C S 1983 for Defendant Jerome Johnson and the Forensic Firm, [sic] Doc. 9, filed April 3, 2026 ("Amended Complaint"), Plaintiff's Notice of Removal, Doc. 3, filed March 19, 2026, and Plaintiff's Motion for Change of Judge, Doc. 12, filed April 20, 2026.

**Order of Dismissal**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint, Doc. 1, filed March 19, 2026. Defendant Jerome Johnson is a court-appointed expert witness in a state-court divorce and domestic violence case. *See* Complaint at 1-4 (stating "Jerome Johnson . . . is employed as Expert 11-706," "Jerome Johnson Expert 11-706," "Third Judicial District Court Requested Expert 11-706" and referencing "Case No. D-307-DM-202100100"); N.M.R.A. § 11-706 Court-Appointed Expert Witnesses. Plaintiff asserted claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983

and pursuant to state law and seeks monetary damages.  *See* Complaint at 3, 5. Plaintiff Belinda

Robertson is also the plaintiff in another state-court case that she filed against Defendant Jerome

Johnson.  *See* Notice of Removal at 1, addressed below.

> United States Magistrate Judge Damian L. Martinez notified Plaintiff:
>
> The Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint contains conclusory allegations that Defendant violated Plaintiff's civil rights but does not clearly explain which rights Plaintiff believes Defendant violated or explain how Defendant violated those rights.  *See* Complaint at 2-3; *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff attached 54 pages of documents to her Complaint.  The Court will not review attached documents to determine whether Plaintiff can state a plausible claim.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").
>
> Furthermore, it appears that Plaintiff's claims against Defendant, a court-appointed expert, are barred by judicial immunity.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) (quoting *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000).

Order to Show Cause at 2-3, Doc. 6, filed March 23, 2026.  Judge Martinez ordered Plaintiff to

show cause why the Court should not dismiss her claims and to file an amended complaint.

Plaintiff filed an Amended Complaint that asserts two claims pursuant 42 U.S.C. § 1983

and claims for malicious abuse of process, defamation and for deprivation of rights pursuant to the

New Mexico Constitution. *See* Amended Complaint at 3, 7-14 (adding The Forensic Firm, a court-appointed expert, as a defendant). The first Section 1983 claim, "Conspiracy to Cause malicious Deprivation of Civil Rights," alleges "Defendant Jerome Johnson and The Forensic Firm . . . conspired to procure a Groundless indictment against Plaintiff Belinda Robertson and to Malicious bring about or advance Belinda's Trial and Conviction, thus Violating Belinda's Constitutional Rights by the Improper use of the Law of the State of New Mexico." [sic] Amended Complaint at 7. The second Section 1983 claim, "Suppression of Evidence and Deprivation of Civil Rights," alleges "Defendant Jerome Johnson and The Forensic Firm . . . violated Plaintiff [sic] Constitutional Rights by Intentionally causing and/or agreeing to cause exculpatory evidence not to be inventoried in Complicity of People Involved in case of Violence Domestic and Divorce from a District Court in conspiracy with Experts appointed for a District Court and Complicity of Husband of Plaintiff Cale Robertson." [sic] Amended Complaint at 9. Plaintiff makes vague allegations that Defendants Johnson and The Forensic Firm acted "in conspiracy" and "in" or "with" "complicity" with other persons related to the state-court case. *See* Amended Complaint at 1-9.

The Amended Complaint fails to state claims pursuant to Section 1983. While "allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). Plaintiff has not alleged specific facts showing that Defendants Johnson and The Forensic Firm and state officials agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal. *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to

3

allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants").

The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim.[1] The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the Amended Complaint. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Order of Remand**

Plaintiff filed a Notice removing Case No. "D-307-CV-2025-03244" from the Third Judicial District Court, Dona Ana County, State of New Mexico. The Notice of Removal and state-court records indicate that Plaintiff in this case, Belinda Roberts, is the *plaintiff* in the state case. *See* Notice of Removal at 1, 3; New Mexico Courts Case Lookup,[2] *Belinda Robertson v. Jerome Johnson*, No. D-307-CV-2025-03244, Third Judicial District Court, County of Dona Ana, State of New Mexico.

Judge Martinez notified Plaintiff:

The removal statute provides that a defendant may remove a case to federal court. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court ... may be removed by the defendant or the defendants").

---

[1] Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which states: "the court shall dismiss the case at any time if the court determines that . . .the action . . .fails to state a claim on which relief may be granted").  28 U.S.C. § 1915(e)(2).

[2] https://caselookup.nmcourts.gov/caselookup/app (last visited March 20, 2026).

> [P]laintiffs are not entitled to remove cases to federal court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the United States Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018) (stating that "plaintiffs cannot remove" cases to federal court).

> *Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*") (emphasis in original).

Order to Show Cause at 4-5. Judge Martinez ordered Plaintiff to show cause why the Court should not remand *Robertson v. Johnson*, No. D-307-CV-2025-03244, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

In addition to her Amended Complaint, Plaintiff filed a Transmittal of State Court Documents. *See* Doc. 8, filed March 24, 2026. Neither the Amended Complaint nor the Transmittal of State Court Documents show that Plaintiff, who is the plaintiff in the state-court case, may remove the state-court case to this Court. The Court, therefore, remands *Robertson v. Johnson*, No. D-307-CV-2025-03244, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

**Order Denying Motion to Dismiss as Moot**

Judge Martinez notified Plaintiff:

> Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

5

Order to Show Cause at 4. Despite Judge Martinez' notice that the Court will address service, Plaintiff attempted to serve Defendant Jerome Johnson. *See* Summons Returned Executed, Doc. 11, filed April 16, 2026.

Defendant Jerome Johnson moves for dismissal of Plaintiff's claims against him for insufficient service of process. *See* Motion to Dismiss for Insufficient Service of Process and for Additional Time to Respond to Pending Motion, Doc. 13, filed May 5, 2026 (also requesting an extension of time to respond to Plaintiff's Motion for a Change of Judge).

The Court, having dismissed Plaintiff's Amended Complaint, and because it is denying Plaintiff's Motion for Change of Judge as discussed below, denies Defendant Johnson's Motion to Dismiss as moot. *See* 28 U.S.C. § 1915(e)(2) ("the court *shall dismiss the case* at any time if the court determines that . . .the action . . .fails to state a claim on which relief may be granted") (emphasis added).

**Order Denying Motion for Change of Judge**

Plaintiff, in the title of her Motion for Change of Judge, requests a:

> change of Judge assigned Sarah M. Davenport to Judge of Magistrate Gregory B. Wormuth for be in case for a good period of time to continue case based in evidence of violation and deprivation of civil rights and other rights in Amedment Fourteenth of the law of the Constitution of the United States and the New Mexico Civil Rights Act (NMRA) for Defendant Jerome Johnson and the Forensic Firm.

[sic] Motion for Change of Judge at 1. The Motion for Change of Judge describes proceedings in state court and states Plaintiff's reasons for requesting that the state proceedings be transferred to this Court but does not state any reasons why the undersigned should recuse from this case.

The statute governing disqualification of a judge provides:

> (a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:

    (1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a) and (b)(1).  Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

The Court denies Plaintiff's Motion for Change of Judge because Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality.

**Order to Show Cause**

Plaintiff has filed the following cases in this Court:

(i)     *Robertson v. Robertson*, No. 2:24-cv-00173-DHU-GBW (dismissed because amended complaint failed to state a claim; Plaintiff failed to comply with Magistrate Judge's order to explain what each defendant did to Plaintiff).

(ii)    *Robertson v. Robertson*, No. 2:24-cv-00312-MLG-JHR (dismissed for failure to comply with the Court's Order to Show Cause and for failure to state claim; Plaintiff failed to comply with Magistrate Judge's order to explain what each defendant did to Plaintiff; Plaintiff filed 12 motions to remove case from state court; Plaintiff failed to comply with Court order to become familiar with and to comply with the Court's Local Rules by filing approximately 600-700 pages of exhibits without complying with the Local Rule requiring agreement of parties or leave of Court to exceed 50 pages; Plaintiff filed five post-judgment motions without moving to reopen the case pursuant to Rules 59 or 60).

(iii)   *Robertson v. New Mexico*, No. 2:25-cv-00077-WJ-KRS (dismissed for lack of jurisdiction and Plaintiff's failure to comply with the Court's Order to Show Cause why the Court should not dismiss the case for lack of jurisdiction and to file an amended complaint).

(iv)    *Robertson v. Robertson*, No. 2:25-cv-00874-MIS-JHR (dismissed for failure to state claims pursuant to federal law, declining to exercise supplemental jurisdiction over state law claims).

(v)    *Robertson v. Markowski-Ruvalcaba Law Firm*, No. 2:25-cv-01043-SMD-KRS (dismissed for failure to state claims pursuant to federal law, declining to exercise supplemental jurisdiction over state law claims).

(vi)    *Robertson v. New Mexico*, No. 2:25-cv-01044-DHU-GBW (dismissed for lack of jurisdiction and as barred by judicial immunity).

(vii)    *Robertson v. Caplan*, No. 2:26-cv-00337-DHU-GBW (removed from state court by defendant; pending).

(viii)    *Robertson v. Robertson*, No. 2:26-cv-00676-KG-KRS (dismissed for failure to state claims pursuant to federal law, declining to exercise supplemental jurisdiction over state law claims, remanding improperly removed case to state court).

(ix)    *Robertson v. Johnson*, No. 2:26-cv-00833-SMD-DLM (this case).

(x)    *Robertson v. Robertson*, No. 2:26-cv-00888-MIS-GBW (dismissed for failure to state claims pursuant to federal law, declining to exercise supplemental jurisdiction over state law claims, remanding improperly removed case to state court).

Plaintiff has repeatedly filed complaints that failed to state a claim and improperly removed cases from state court. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

<u>Court's Power to Impose Filing Restrictions</u>

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

<u>Proposed Filing Restrictions</u>

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed

attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order

indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i)      Plaintiff's Amended Complaint, Doc. 9, filed April 3, 2026, is **DISMISSED without prejudice.**

(ii)      *Robertson v. Johnson*, No. D-307-CV-2025-03244, is **REMANDED** to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

(iii)      Defendant Jerome Johnson's Motion to Dismiss for Insufficient Service of Process and for Additional Time to Respond to Pending Motion, Doc. 13, filed May 5, 2026, is **DENIED as moot.**

(iv)      Plaintiff's Motion for Change of Judge, Doc. 12, filed April 20, 2026, is **DENIED.**

(v)      This case is **DISMISSED without prejudice.**

(vi)      Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages.  If Plaintiff does not timely file objections to the proposed filing restrictions, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

**UNITED STATES DISTRICT JUDGE**

12