**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

      Plaintiff,

v.                        No. 2:26-cv-00833-SMD-DLM

JEROME JOHNSON and
THE FORENSIC FIRM,

      Defendant.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This case arises from proceedings in a divorce and domestic violence case in state court. *See* Dismissal Order at 1-4, Doc. 15, filed May 11, 2026 (summarizing the procedural background). Defendant Jerome Johnson is a court-appointed expert witness in the state-court case and apparently is the owner of Defendant The Forensic Firm. *See* Dismissal Order at 1; Notice of Appeal and Response [to] Order to Show Cause at 7, Doc. 19, filed May 15, 2026 (stating "Jerome Johnson Owner 'The Forensic Firm' Signed Owner Jerome Johnson"). The Court dismissed Plaintiff's federal law claims for failure to state a claim, declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, dismissed this case without prejudice and ordered Plaintiff to show cause why the Court should not impose filing restrictions on Plaintiff. *See* Dismissal Order at 4, 9, 12.

Plaintiff filed a Notice of Appeal and now seeks leave to appeal *in forma pauperis*. *See* Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 20, filed May 15, 2026 ("Motion").

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the

existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.*; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees but has not set forth a nonfrivolous argument of error regarding the Court's dismissal of this case and remand of the state-court case. While much of the Notice of Appeal describes the proceedings in state court, Plaintiff appears to set forth two arguments in her Notice of Appeal. *See also* Motion at 2 (Where the Tenth Circuit form "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees" prompts appellants to state their issues on appeal, Plaintiff states Defendant Jerome Johnson laundered money, asks that the Court subpoena Defendant Johnson "and people that participated in" a state court case, and states her husband has her money). Neither argument has an arguable basis in law.

First, regarding the Court's statement that Plaintiff did not clearly explain which rights Plaintiff believes the Defendant violated or explain how Defendant violated those rights, Plaintiff appears to argue that she was deprived of due process because she was not represented by an attorney "in the State Court and This case." Notice of Appeal at 5; *see* Dismissal Order at 2 (quoting United States Magistrate Judge Damian L. Martinez' Order to Show Cause which notified Plaintiff that the original "Complaint contains conclusory allegations that Defendant violated

2

Plaintiff's civil rights but does not clearly explain which rights Plaintiff believes Defendant violated or explain how Defendant violated those rights"). Plaintiff states she has a right to be represented by an attorney. *See* Notice of Appeal at 5. Regarding the lack of representation by an attorney in the state court case, Plaintiff has not shown that Defendant Johnson had an obligation to provide counsel for Plaintiff and, therefore, has not shown that Defendant Johnson deprived Plaintiff of due process. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). As for representation by an attorney in this Court, "civil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012).

Second, Plaintiff objects to the Court ordering her to show cause why the Court should not impose filing restrictions arguing that:

> Plaintiff is American and Have the Equal Rights of File any Action Civil like any Attorney in Representation Pro Se, The Number of Times like any Attorney and be Dismissed "Equal" like any Attorney and File Again to Protect the Rights Guaranteed by Amendment Fourteenth of The Law of the Constitution of the United States.

> Plaintiffs have the Right of File any Document "Equal" Like any American in Any State for Her Defense in any State and Federal Court of The United States and Territory, and the "Equal Rights" for a Trial and Jurisdiction in any State and Federal Court, and the State Court and Federal Court.

[sic] Notice of Appeal at 9. The Court explained to Plaintiff that "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," notified Plaintiff of the proposed filing restrictions, gave Plaintiff an opportunity to oppose the Court's Order before it is instituted, and provided guidelines as to what Plaintiff must do to obtain the Court's permission to file new actions. Dismissal Order at 10-11 (quoting *Landrith v. Schmidt*, 732 F.3d 1171, 1174

(10th Cir. 2013)).  The Court has not imposed filing restrictions; Plaintiff filed her Notice of Appeal before the May 25, 2026, deadline for responding to the Order to show cause.  Plaintiff has not cited any authority showing that the Court's Order to show cause regarding filing restrictions is erroneous.

The Court concludes that Plaintiff's request for leave to appeal *in forma pauperis* must be denied because Plaintiff has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 20, filed May 15, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**

4